```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
ANIBAL ORTIZ,                                                            :
                                                                         :
                            Plaintiff,                                   :      11 Civ. 7919 (JMF)
                                                                         :
              and                                                        :      MEMORANDUM OPINION
                                                                         :           AND ORDER
                                                                         :
CITY OF NEW YORK, et al.,                                                :
                                                                         :
                            Defendants.                                  :
                                                                         :
------------------------------------------------------------------------ X
```

JESSE M. FURMAN, United States District Judge:

  On November 26, 2013, the Court ordered Plaintiff to show cause in writing, no later than December 6, 2013, why he should not be held in contempt or sanctioned for violating Local Rule 1.8 and other orders of the Court by surreptitiously recording the trial proceedings in this matter. (Docket No. 77). Plaintiff obviously received the Order to Show Cause, as he filed a Notice of Appeal from it dated December 23, 2013 (Docket No. 80).[1] Yet, the Notice of Appeal aside, he has not filed anything in response to the Order.

  Local Rule 1.8 provides that, "[u]less authorized to do so by an administrative order of [the Court], no one other than Court officials engaged in the conduct of Court business shall bring any camera, transmitter, receiver, recording device, cellular telephone, computer or other electronic device into any courthouse." S.D.N.Y. Local Rule 1.8. Based on a review of the record, the Court finds that Plaintiff willfully violated this Rule and other orders of the Court by bringing an electronic device into the Courthouse and recording the trial proceedings, and concludes that sanctions are warranted.

  On June 19, 2012, Plaintiff filed a motion — captioned "Notice of Motion to Stay" — seeking to

---

[1]   Although the filing of a Notice of Appeal usually divests the district court of jurisdiction, Plaintiff's Notice of Appeal from the Court's November 26, 2013 Order to Show Cause was improper as it did not seek to appeal a final decision or other appealable order. *See* 28 U.S.C. §§ 1291, 1292. It is well settled that if a litigant files a "plainly unauthorized notice of appeal which confers on [the Court of Appeals] the power to do nothing but dismiss the appeal," the district court is not divested of jurisdiction. *United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996); *see also United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989) (noting that the "district court retains jurisdiction during appeals of 'patently nonappealable orders'" (citation omitted)). Accordingly, the Court concludes that it has jurisdiction to address the issues raised in the November 26, 2013 Order to Show Cause notwithstanding Plaintiff's Notice of Appeal.

enjoin court security officers from enforcing the Court's policy of requiring persons entering the courthouse without a valid attorney's pass to surrender their cellphones. (Docket No. 23). Plaintiff maintained that his "[F]irst Amendment right to record public servants in the course of their duty in a public space" was violated "[a]ny time" his cellphone was "taken from" him. (*Id.*). Only six days later, however, Magistrate Judge Gorenstein, to whom the case had been referred, denied Plaintiff's motion by endorsement, stating — in no uncertain terms — that "[t]here is no constitutional right to bring a recording device into a courthouse," and citing *United States v. Yonkers Board of Education*, 747 F.2d 111, 113 (2d Cir. 1984). (Docket No. 25).

Despite that ruling, Plaintiff continued to insist that he had a right to bring his cellphone into the Courthouse. In advance of trial, the Court was advised by court security officers and representatives of the United States Marshal Service that on virtually every occasion that Plaintiff entered the Courthouse, he resisted their efforts to screen his property and protested their insistence that he surrender his cellphone. Furthermore, the following colloquy took place at the final pretrial conference held on November 13, 2013, when the Court asked Plaintiff for a telephone number at which he could be reached:

> MR. ORTIZ: I usually have my phone on me at all times except when I am in this building, illegally confiscate my phone in this building. They present no precedence or authority to take my phone in the lobby because I have a lot of information for this case here which I could use at the time but they insist on kicking me out of the building if I don't give up my phone and I tell them I am exercising my rights to keep my property, my personal property on me and they don't seem to acknowledge that. . . .
>
> . . . .
>
> THE COURT: . . . [I]f have you an issue with respect [to the] court's rule that you have to surrender your phone that is something you can take up in a different forum. That is certainly a rule of the court and it is not one that I am free to relieve you of. . . .
>
> MR. ORTIZ: OK.
>
> . . . .
>
> MR. ORTIZ: OK. Point of clarification, I've never seen any evidence showing that any of their administrative or any of the court order filed by the, whichever they're following, applies to me. I've never seen that evidence and it seems to be acting without lawful authority. My name is not on that order. I have a copy of that order and it applies to administrators and I am not part of the administration.
>
> THE COURT: All right. Mr. Ortiz, again, that's something for a different time and a

> different place. We're here to —
>
> MR. ORTIZ: Understood, your Honor.
>
> THE COURT: — prepare for the trial. Can I just assure you that there is a rule of this court that people are not permitted to bring their telephones in and, generally, are supposed to show identification. Although, as a litigant before the Court you are, certainly, entitled to be here even if you don't have identification and we will ensure for the duration of the trial you are able to get in the building and will have access to the Court but I cannot override the rule about the telephone and you will have to surrender your telephone. So if there's anything on that there that you need to assist you[,] you should make sure that you get it off there before you enter the building. . . .
>
> MR. ORTIZ: Point of clarification, your Honor, I haven't seen any evidence that such rules apply to me or that I've agreed to such rules and I am exercising my right to keep my personal property. Now, if something else has been presented to the Court that proves that rule would be applicable to me, I would like to see that evidence.
>
> THE COURT: Well, again, that's for a different time and place. I can just assure you or give you my word that there is a rule of the court that prohibits people from entering with their electronic devices.

(11/13/13 Tr. at 4-7 (Docket No. 78)). Thus, while Plaintiff may have harbored the misguided view that the Court's rule with respect to electronic devices did not apply to him, he was advised in no uncertain terms that it did and that he was not permitted to enter the Courthouse with his cellphone or other electronic device.

Despite this history, the e-mail from Plaintiff attached to defense counsel's letter of November 25, 2013 (Docket No. 76) indicates that Plaintiff willfully and in bad faith violated the Court's rule by bringing an electronic device into the Courthouse and recording the two-day trial that took place on November 20 and 21, 2013. Plaintiff's e-mail states in relevant part:

> I've already started working on my appeal for this case. *I'm using the audio I recorded of the 2 days* [*of trial*], audio I will also include when I submit my appeal.  the judge did say it was a public building.  I've given this audio to several friends and have it save securely on a server online.  its not the best audio but I can still hear every bodies voice.

(Docket No. 76, Ex. A (emphasis added) (errors in original)). The Court's Order to Show Cause of November 26, 2013 gave Plaintiff ample notice that the Court might impose sanctions and gave him an opportunity to be explain himself, but he did not avail himself of that opportunity. That leaves the Court with no choice but to impose sanctions for Plaintiff's willful and bad faith violation of the Court's rules,

3

based on either or both the Court's contempt powers or its inherent authority to enforce the Court's Local Rules and other orders of the Court.  *See, e.g.*, *Ransmeier v. Mariani*, 718 F.3d 64 (2d. Cir. 2013); *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, 924 F. Supp. 2d 505 (S.D.N.Y. 2013); *Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437 (S.D.N.Y. 2011); *Eastcott v. Hasselblad A/S*, 892 F. Supp. 2d 587 (S.D.N.Y. 2012); *Miltope Corp. v. Hartford Cas. Ins. Co.*, 163 F.R.D. 191 (S.D.N.Y. 1995); *see also United States v. Seltzer*, 227 F.3d 36, 41 (2d Cir. 2000) ("[S]anctions may be justified absent a finding of bad faith given the court's inherent power to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." (second alteration in original) (internal quotation marks omitted)).

As the jury returned a verdict entirely in Defendant's favor and judgment has been entered accordingly, the Court is limited in the sanctions that it can meaningfully impose.  In the Court's judgment, a fine and an order preventing Plaintiff from making use of the illicit recordings to advance his legal claims are the most appropriate sanctions available to be imposed.  **Accordingly, it is hereby ORDERED that, within 60 days, Plaintiff shall pay a fine of $1,000 to the Clerk of Court, United States District Court, 500 Pearl Street, New York, New York 10007.  It is further ORDERED that Plaintiff is precluded from using any audio or video recording of the trial or other proceedings in this case in connection with his appeal.  Plaintiff shall rely in his appeal papers solely on his memory of the proceedings or on the official transcript, and may not rely on or submit any recording.**

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.  Defendants are ordered to e-mail a copy of this Order to Plaintiff as well.

SO ORDERED.

Dated: January 2, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

4